IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CRYSTAL HENRY, | ) | |
| | ) | Case No. 10 CV 6364 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Judge Gettleman |
| | ) | |
| POLICE OFFICER LUIS CENTENO, Star #11203, | ) | Magistrate Judge Valdez |
| POLICE OFFICER WILFREDO SANCHEZ, | ) | |
| Star #6497, Individually, and THE CITY OF | ) | |
| CHICAGO, | ) | Jury Demand |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO THE DEFENDANTS'
MOTION FOR ENTRY OF A PROTECTIVE ORDER**

NOW COMES the Plaintiff, CRYSTAL HENRY, by and through one of her attorneys, David S. Lipschultz, and responds to the Defendants' Motion for Entry of a Protective Order as follows:

**I.     Introduction**

Defendants ask this Honorable Court to reverse its own, recent rulings in Macias and Horton (full citations below) even though they present no new facts, no new evidence, no new case law, and no new statutes indicating why the Court should reverse itself. Instead, the Defendants propose a motion virtually identical to the motions proposed in those two cases.

As this Court has already ruled that the City of Chicago's proposed protective orders inclusive of disciplinary "Complaint Registers" are overbroad, and this Court's ruling joins a chorus of identical rulings from other Northern District judges and magistrates, the Defendants motion should be denied.

1

II. **Plaintiff's Opposition To The Proposed Protective Order Is Based On Law In The Northern District and Illinois Appellate Case Law**

Plaintiff's opposition to the City of Chicago's ("City") Protective Order is based on law from the Illinois legislature (the 2010 Freedom of Information Act), the Illinois Northern District of Illinois and the Illinois Appellate Courts. Though not binding precedent, the following Northern District judges have ruled that protective orders which include Complaint Registers ("CRs"), disciplinary complaints against police officers) are not consistent with the law:

- Fuller v. City of Chicago, 09 CV 1672 (N.D. Ill., Nov. 10, 2009, Judge Hibbler);
- Keys v. City of Chicago, 09 CV 4162 (N.D. Ill., Dec. 17, 2009, Judge Leinenweber); Keys v. City of Chicago, 09 CV 4162 (N.D. Ill., February 18, 2010, Judge Leinenweber) (order denying Defendants' motion to reconsider ruling on protective order);
- Goldhamer v. City of Chicago, 07 CV 5286 (N.D. Ill., Nov. 2, 2009, Judge Grady);
- Wilson v. City of Chicago, 09 CV 2447 (N.D. Ill., January 21, 2010, Judge Hibbler);
- Macias v. City of Chicago, 09 C 1240 (N.D. Ill., March 10, 2010, Judge Valdez); Macias v. City of Chicago, 09 C 1240 (N.D. Ill., May 5, 2010, Judge Valdez) (ruling denying in part Defendants' motion to reconsider ruling on protective order; motion was granted only as to revising protective order to clarify paragraph regarding redactions);
- Horton v. Rubald, et al., 09 C 7043 (N.D. Ill., June 15, 2010, Judge Valdez);
- Parra v. City of Chicago, 09 C 4067 (N.D. Ill., April 14, 2010, Judge Cox);
- Vasquez v. Parker et al., 09 C 4529 (N.D. Ill. April 5, 2010, Judge Schenkier); and,
- Vasquez v. Parker et al., 09 C 4529 (N.D. Ill. May 12, 2010, Judge Schenkier)(ruling denying Defendant City of Chicago's motion to reconsider ruling on protective order).

It is noteworthy that Northern District judges have continued to rule that protective orders which include CRs are not consistent with the law even after material amendments to the Illinois FOIA took effect on January 1, 2010 and after the Illinois Appellate Courts'

2

ruling in Gekas v. Williamson, 393 Ill. App. 3d 912 N.E.2d. 347, 361 (Ill. App. Ct. 2009), both of which are relied upon the Defendants.[1]

In their motion, Defendants cite to the opinions in Bell v. City of Chicago and other cases in support of their position that CRs in which no discipline was imposed are confidential. Plaintiff acknowledges that there are also opinions by judges in this district (though arguably not as many) that favor the Defendants' position; the issue of protective orders and CR files in this district is currently in a state of flux. However, Plaintiff contends the change in the statutory law and case law governing protective orders, discussed below, reveals how overbroad the Defendants' proposed protective is by including CRs.

### III. Limited Scope of the Plaintiff's Objections

The Plaintiff begins by clarifying that his objections to the Defendants' protective order is directed only to its attempts to make confidential the production of Defendants' disciplinary files and Complaint Registers. The Plaintiff does not object to a protective order that protects the Defendant officers' medical information and personal information and materials such as their social security numbers, home addresses, and family information. Nor does the Plaintiff seek to retain documents after the termination of this litigation. The Plaintiff also has no objection to keeping information confidential concerning non-parties.

---

[1] The 2010 FOIA includes section 7(1)(n) which exempts from disclosure records relating to a public body's *adjudication* of employee grievances or disciplinary cases (emphasis added).

### IV.   **Rejection of the Defendant's Reliance on Statutes Other Than FOIA**

Before addressing the only compelling legal issue in the Defendants' Motion ― the 2010 Illinois Freedom of Information Act ― the Plaintiff briefly rejects the Defendants' invocation of other legal sources.

There is no good cause for entry of the Defendants' protective order based on the Illinois Personnel Records Review Act, 820 ILCS 40/0.01. This Act simply requires written notice to be provided to the employee. 820 ILCS 40/7(1). Moreover, the Act "shall not apply if the disclosure is ordered to a party in a legal action or arbitration…." 820 ILCS 40/7(3)(b). Finally, the Illinois Appellate Courts has rejected the notion that accessibility of public documents are to depend on a clerical formality ― that is, the public body's choice to store these documents in a personnel file. Gekas v. Williamson, 393 Ill.App.3d 573, 588, 912 N.E.2d 347, 332 Ill.Dec. 161 (Ill.App. 4 Dist., 2009). "We should evaluate [ ] documents bases on their [personal] content rather than [on] where they are filed." Id. 393 Ill.App.3d at 589, citing Trombley v. Bellows Falls Union High School District No. 27, 160 Vt 101, 108, 624 A.2d 857 (1993). Courts in this district have addressed and rejected the Defendants' argument that the Illinois Personnel Records Review Act demonstrates the showing of good cause required by FRCP 26(c). See Bell v. City of Chicago, 09 C 754, p. 3, fn. 1 (N.D. Ill. Feb. 26, 2010) (Judge Keys).

In fact, the Seventh Circuit has held that pretrial discovery must take place in public unless compelling reasons are presented. American Telephone and Telegraph Co, et al. v. Grady, et al., 594 F.2d 594, 596 (7th Cir. 1978).

4

**V.     Illinois Freedom of Information Act Prohibits Defendant's Protective Order**

The 2010 Illinois Freedom of Information Act ("FOIA") was amended since 2009 to codify the presumption that public records are open. Whereas the 2009 FOIA placed the burden of overcoming an exemption on the person seeking the documents, the 2010 FOIA shifts this burden:

> All records in the custody or possession of a public body are presumed to be open to inspection and copying. Any public body that asserts that a record is exempt from disclosure has the burden of proving by clear and convincing evidence that it is exempt.
>
> 5 ILCS 140/1.2

The Defendants have not sustained their burden of proving by a clear and convincing evidence standard that the Defendants Officers' CRs and disciplinary history are exempt from disclosure given the public's legitimate interests in monitoring the actions of public employees.

**A.     "Adjudication" of Employee Grievances or Disciplinary Cases**

Defendants provide this Court with an incomplete analysis of the FOIA exemption concerning employee grievances or disciplinary cases, 540 ILCS 140/7(n). This subsection exempts:

> Records relating to a public body's <u>adjudication</u> of employee grievances or disciplinary cases; however, this exemption shall not extend to the final outcome of cases in which discipline is imposed.
>
> 5 ILCS 140/7(n) (emphasis added)

IPRA is solely an investigative body, investigating allegations of police misconduct. It serves <u>no adjudicatory function</u>. The City of Chicago Ordinance governing IPRA mandates that IPRA only performs the intake function for all allegations

5

of misconduct made against members of the Chicago Police Department. IPRA is directly responsible for conducting investigations into allegations of the use of excessive force, police shootings where an officer discharges his/her weapon and strikes someone, deaths in custody, domestic violence, verbal abuse including bias and coercion. IPRA also investigates allegations of off-duty misconduct relating to excessive force and weapon discharge incidents. See Chapter 2-57 of Title 2, City Government Administration, Chicago Municipal Code (attached as Exhibit 1). Accordingly, IPRA can only make findings and recommendations to the superintendent of police and the Chicago Police Board regarding disciplinary actions.

It is the Chicago Police Board that conducts hearings and makes rulings on disciplinary matter concerning Chicago Police Officers. See Chapter 2-84-020 of Title 2, City Government Administration, Chicago Municipal Code (attached as Exhibit 2). A Chicago Police Board publication clarifies that IPRA investigations are not in any way connected with adjudications. (Chicago Police Board, Allegations of Police Misconduct: A Guide to the Complaint and Disciplinary Process, August 2009, attached as Exhibit 3.) First, the Police Board itself confirms Plaintiff's argument that IPRA only investigates while the Police Board adjudicates:

> The responsibility to receive complaints rests with IPRA. Depending on the nature of the allegations, either IPRA or the Police Department will investigate the complaint. The Police Board's role is to adjudicate complaints—it is similar to a court. (Exhibit 3 at p. 1.)

Moreover, there is no reference to the investigative file being submitted to the superintendent or the Police Board:

6

> If the head of IPRA or IAD…recommends that one or more allegations be *sustained*, a recommendation for discipline is submitted to the superintendent of police (*Id.*)

Only a "recommendation for discipline" is referenced regarding what is submitted to the superintendant or the police board. There is no reference anywhere in the document stating that the Police Board or the superintendent relies on IPRA's investigative files. As this Court itself said:

> "[T]he plain language of the City's own publication makes it clear that the information contained in CR files relates to the investigation of a complaint and that the adjudication of the complaint occurs after the IPRA has issued its finding. The CR files do not reveal an adjudicatory process, and the fact that the files may ultimately be relevant in a later adjudication does not put them within the FOIA exemption."

Macias v. City of Chicago, 09 C 1240, pp. 2-3 (N.D. Ill. March 10, 2010, Judge Valdez).

Similarly, in another case dealing with this issue, Judge Cox stated:

> "It is a stretch to consider that process [which IPRA undertakes] as an 'adjudication'…The CR files do not reveal an adjudicatory process…The process of collecting information about the complaint that is reflected in these CR files is not an adjudication. To hold otherwise would be to construe the cited exemption to encompass all records relating to complaints bearing on police officers' performance of their public duties because they might be adjudicated in the future. Such a construction would be inconsistent with an earlier section of the statute, which states that records which bear on the public duties of public employees are not confidential."

Parra v. City of Chicago, 09 C 4067, pp. 2-3 (N.D. Ill. April 14, 2010).

To support their argument that CRs are in fact "related to" the adjudication of discipline and are exempt under the plain reading of the recent FOIA amendment, the Defendants rely heavily on the Court's opinion in Bell v. City of Chicago, 09 C 754

7

(N.D. Ill., February 26, 2010, Judge Keys). It is noteworthy that despite the fact that Judge Keys held in <u>Bell</u> that CRs were records "related to" adjudications, other judges in the Northern District have continued to rule since <u>Bell</u> that CR files are *not* adjudications nor are they "related to" adjudications.[2] <u>See</u> <u>Macias v. City of Chicago</u>, 09 C 1240 (N.D. Ill., March 10, 2010 and May 5, 2010, Judge Valdez); <u>Parra v. City of Chicago</u>, 09 C 4067 (N.D. Ill., April 14, 2010, Judge Cox).

Subsequent to this Court's ruling on March 10, 2010 in the case of <u>Macias v. City of Chicago</u>, the Defendants in <u>Macias</u> filed a motion to reconsider relying in part on Judge Keys' ruling in <u>Bell v. City of Chicago</u> (which had preceded Judge Valdez' original ruling). In ruling on the motion to reconsider, this Court granted the motion in part (only with regards to the redaction of certain confidential information contained within CR files) and denied the motion in part. This Court specifically addressed the Defendants' argument that it was not the word "adjudication" that was the operative word in the FOIA statute, but rather the phrase "relating to". As the Defendants in this case have argued, the defendants in <u>Macias</u> contended that as the records underlying an investigation, the CR files are records "relating to" an adjudication and are therefore exempt from disclosure. This Court rejected the defendants' argument, stating:

> "Defendants' proposed interpretation reads the phrase
> 'public body's adjudication' out of the statute entirely, by
> seeking to exempt 'all records related to…disciplinary

---

[2] Though not determinative, a proposed amendment to the FOIA indicates that the current language does not include investigations. Illinois Senate Bill 2978 was filed on February 3, 2010 and seeks to amend Section 140/7(1)(n) to exempt:

Records relating to a public body's <u>investigation, settlement, and</u> adjudication of employee grievances or disciplinary cases; however, this exemption shall not extend to <u>cases in which criminal charges are filed for which disclosure of information shall be governed by that which may be disclosed under the provisions of subsection (a) of Section 2.15 until there is a final non-appealable conviction</u>. S.B. 2978, 96th Gen. Assem. (Ill. 2010) (proposed amendment emphasized in original).

> cases.' Defendants ask this Court to find that CR files relate to an adjudication but acknowledge that only a discrete subset of CR files are in fact adjudicated. Even if this Court were to agree that complaints that trigger an investigation "relate to" an adjudication, it would require a strained reading of the statute to conclude that a complaint which was never adjudicated is the epitome of a record relating to a public body's adjudication of employee disciplinary cases. Almost by definition, CR files that do not result in an adjudication cannot 'relate to' an adjudication."

Macias v. City of Chicago, 09 C 1240, pp. 2-3 (N.D. Ill. May 5, 2010).

The Defendants' proposed protective order distinguishes sustained and unsustained complaints and attempts to make unsustained complaints confidential while allowing for the disclosure of complaints where discipline has been imposed. In the May 5, 2010 ruling in Macias, Judge Valdez rejected the defendants' attempt to distinguish sustained and unsustained complaints, deeming it "inconsistent with the plain language of the statute." Judge Valdez further noted that the FOIA amendment did not overrule the analysis in Gekas v. Williamson, 912 N.E.2d 347 (2009), which held that complaints of misconduct, whether founded or unfounded, bear on an officer's public duties and their disclosure does not invade the officer's personal privacy.

To the extent that the City might argue that CRs are nonetheless part of Defendant Parker's personnel files, critically the 2010 FOIA removed subsection 140/7(c)(i), which allowed personnel files to be exempt from disclosure.

Since IPRA is not an adjudicating body and since CR files do not "relate to" an adjudication, the FOIA adjudication records exemption does not apply to the IPRA CRs.

9

**B.     Legitimate Public Interest in Monitoring the Conduct of Public Servants**

The people of Illinois have a legitimate public interest in monitoring public servants, including its police officers. This public interest outweighs public servants' personal privacy – especially when the Plaintiff at bar has stated that he does not object to a protective order that protects Defendants' medical information and personal information and materials such as their social security numbers, home addresses, and family information.

The public interest principle is codified in the 2010 FOIA. Pursuant to FOIA, personal information contained within public records is exempt only if it constitutes an "unwarranted invasion of personal privacy." An "unwarranted invasion of personal privacy" means "the disclosure of information that is highly personal or objectionable to a reasonable person and in which the subject's right to privacy outweighs any legitimate public interest in obtaining the information." 5 ILCS 140/7(1)(c).

The Illinois Appellate Court has held that disciplinary records are not exempt under FOIA. The Fourth District granted access for the plaintiff to all disciplinary complaints, including those with findings of "unfounded" and complaints with facts dissimilar to the case at issue. Gekas v. Williamson, 912 N.E.2d 347 (2009). The reasoning of the Gekas court was that the disciplinary complaints were not created for the officer's personal use, nor did they concern his personal affairs. Id. at 583. "Internal-affairs files that scrutinize what a police officer did by the authority of his or her badge do not have the personal connotations of an employment application, a tax form, or a request for medical leave." Id.

Since the <u>Gekas</u> decision, the Northern District has followed the Illinois Appellate Court's interpretation of the Illinois statutory construct of FOIA and have ruled that protective orders which include Complaint Registers (CRs), disciplinary complaints against police officers) are <u>not</u> consistent with the law. See <u>Fuller v. City of Chicago</u>, 09 C 1672 (J. Hibbler); <u>Keys v. City of Chicago</u>, 09 C 4162 (J. Leinenweber); <u>Goldhamer v. City of Chicago</u>, 07 C 5286 (J. Grady).

## VI.  Conclusion

CRs are not exempt from disclosure under the 2010 FOIA. The Plaintiff respectfully requests that this Court not add a level of protection to CRs not contemplated by the Illinois legislature. The release of police officers' CRs is vital to the public's historic interest in monitoring public servants. While it is true that anyone can make a complaint against a police officer, including an unsubstantiated complaint, the public discourse is vibrant enough to discern legitimate grievances from unsubstantiated grievances. Any slight and temporary harm to individual police officers until the full truth emerges is far outweighed by the importance of disclosure to the citizens of Chicago.

                Respectfully submitted,

                /s/ David S. Lipschultz

David S. Lipschultz
Atty. No. 6277910
Gregory E. Kulis and Associates
30 North LaSalle Street, Suite 2140
Chicago, Illinois 60602
(312) 580-1830